**CULLUM ELECTRIC & MECHANICAL, INC., Appellant,**

v.

**MECHANICAL CONTRACTORS ASSOCIATION OF SOUTH CAROLINA, Appellee.**

No. 76–2074.

United States Court of Appeals, Fourth Circuit.

Argued April 5, 1977.

Decided Feb. 2, 1978.

J. Kendall Few, Greenville, S. C. (Robert M. Erwin, Jr., Greenwood, S. C., on brief), for appellant.

L. G. Funderburk and L. Henry McKellar, Columbia, S. C., for appellee.

Before CLARK, Associate Justice*, HAYNSWORTH, Chief Judge, and RUSSELL, Circuit Judge.

HAYNSWORTH, Chief Judge:

These claims of a violation of Sections 1 and 2 of the Sherman Act arose out of the defendant's insistence that general contractors submitting bids for the construction of a college library not use mechanical subcontractors' bids submitted less than five hours before the deadline for submission of the general contractors' bids, or less than four hours before the general contractors' submission time if more than five hours before that time the subcontractor had filed his bid with Western Union. The arrangement was embodied in agreements entered into by the Mechanical Contractors Association and general contractors.[1] The procedure was designed to avoid the chaotic situation resulting when general contractors received bids from subcontractors only minutes before the deadline for submission of the bids of general contractors, while guarding against the use of one subcontractor's bid to prevail upon another to revise his bid to a still lower figure.

While once a member of the MCA, the plaintiff was not a member at the time of this bidding. It received no direct notice from the MCA that the five-hour rule was in effect on this job, but the district court found that it either knew or, upon inquiry, could have found that it was. Moreover, the procedures embodied in the agreement between the MCA and the general contractors applied equally to members and non-members of the MCA. If a member or non-member did not comply with the time requirements, the participating general contractors had obligated themselves not to use the bid.

The plaintiff filed its bid with the winning general contractor three hours and fifty-five minutes before the time for opening the bids of the general contractors; it had not filed a message containing the bid with Western Union. The bid of $422,-000.00 for the heating, air conditioning and electrical work was slightly less than $3,000.00 less than the next lowest combination of bids, but the successful general contractor did not use it, when the defendant insisted that its use would be in violation of the general contractors' agreement.

In this appeal the plaintiff contests some of the factfinding by the district judge, but we find his findings, to the extent they have a material bearing upon the legal rights of the parties, supported by substantial evidence and not clearly erroneous. His conclusions that the procedures embodied in the agreements are not an arrangement to fix prices, nor to effect a group boycott, nor discriminatory against non-members of the MCA are clearly correct and appropriate as applied to the facts in this case.

The judgment is affirmed substantially for the reasons stated by the district court. *Cullum Electric & Mechanical, Inc. v. Mechanical Contractors Association of South Carolina*, 436 F.Supp. 418 (D.C.S.C.1976).

*AFFIRMED.*

---

* Tom C. Clark, Associate Justice of the United States Supreme Court, (Ret.), sitting by designation. Mr. Justice Clark participated in the hearing of this case, but died before an opinion had been prepared.

1. All but one of the general contractors submitting bids on this project had subscribed to the agreement. Importantly, the general contractor who got the job and who did not use the plaintiff's bid was a signatory.